# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **JANICE CROSSLIN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00030 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SEARS AUTOMOTIVE AND TIRE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Bernard S. Via, III, Bristol, Virginia, and Parke S. Morris, Chattanooga, Tennessee, for Plaintiff; Stephanie G. Cook, Kalbaugh, Pfund & Messersmith, P.C., Roanoke, Virginia, for Defendants Sears, Roebuck and Co. and Sedgwick Claims Management Services, Inc.; Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant Subaru of America, Inc.*

In this diversity civil action removed from state court, Janice Crosslin ("plaintiff" or "Crosslin") has sued Subaru of America, Inc. ("Subaru") for breach of contract for failing to fulfill a duty plaintiff believes she is owed under an extended warranty she purchased along with her Subaru automobile. Crosslin has also sued Sears, Roebuck and Co. ("Sears") citing breach of contract, violation of the Virginia Consumer Protection Act, and common law fraud, because of automotive services performed on the vehicle by an employee at the Sears Auto Center in Bristol, Virginia. Finally, Crosslin has named Sedgwick Claims

Management Services, Inc. ("Sedgwick"), a third party administrator that handles insurance claims for Sears, as a defendant.

The case was timely removed from state court to this court. Subaru and Sedgwick filed separate Demurrers while the case was pending in state court and Subaru also filed a Crossclaim against Sears seeking indemnity or contribution. After removal, Sears filed a Motion to Dismiss Subaru's Crossclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). I will treat the Demurrers filed by Subaru and Sedgwick as Motions to Dismiss under Rule 12(b)(6).

For the reasons that follow, Subaru's Motion to Dismiss will be denied, Sedgwick's Motion to Dismiss will be granted, and Sears' Motion to Dismiss Subaru's Crossclaim will be denied.[1]

## I.

The Complaint alleges the following facts, which I am bound at this point in the case to accept as true.

Crosslin took her 2010 Subaru Outback to the Sears Auto Center located in Bristol, Virginia. A Sears service technician told her that Subaru advises changing the differential fluid in this car at 37,500 miles. This guidance was incorrect. Nevertheless, the service technician drained the fluid and then mistakenly test

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Case 1:14-cv-00030-JPJ-PMS Document 21 Filed 07/23/14 Page 2 of 6 Pageid#: 159

drove the car without any fluid, resulting in damage to the transmission. The differential fluid was then refilled, perhaps to cover the technician's mistake.

Thereafter, the car's transmission failed and Crosslin had the car towed to a Subaru dealership, where she learned of the problem. In bringing this matter to the attention of Sears, Crosslin was instructed to contact Sedgwick, the insurance adjuster. Because the car had been found at the Subaru dealer to have differential fluid containing metal shavings, indicating a parts failure, Sedgwick determined that Sears could not be the liable party.

Crosslin then attempted to have the car repaired under a "6 Year/100,000 Miles – Classic Added Security with Roadside Assistance" warranty she had purchased from Subaru. Subaru said that the problem was not a manufacturing defect covered by the warranty and denied her claim.[2]

## II.

In deciding whether a complaint will survive a Rule 12(b)(6) motion to dismiss, the court evaluates it and any documents attached or incorporated by reference. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). "To survive a motion to dismiss, a complaint must contain

---

[2] The facts alleged in the Complaint were amplified by documents attached to Crosslin's brief in opposition to the defendants' motions to dismiss. While normally a plaintiff may not bolster her complaint with a later brief, *see Altizer v. Town of Cedar Bluff, Va.,* No. 1:14CV00007, 2014 WL 2535057, at *2 (W.D. Va. June 5, 2014), I will treat the plaintiff's response as a granted motion to amend to add these documents to the other documents that were exhibited with the Complaint.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Turning first to Subaru's Motion to Dismiss Crosslin's claim for breach of express warranty, the Supreme Court of Virginia[3] has ruled that in order to successfully bring a breach of warranty claim, there must be "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006).

A plaintiff may assert inconsistent causes of action, *see* Fed. R. Civ. P. 8(d)(3), and Crosslin has alleged sufficient facts showing breach of the warranty contract she purchased and resulting damage, even though she also claims that Sears caused the problem.

---

[3] In keeping with *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), a federal court exercising diversity jurisdiction must apply the substantive law of the highest court of the state in which the federal court sits. *Wells v. Liddy*, 186 F.3d 505, 527-28 (4th Cir. 1999).

Case 1:14-cv-00030-JPJ-PMS   Document 21   Filed 07/23/14   Page 4 of 6   Pageid#: 161

I next consider Sedgwick's Motion to Dismiss. In her Complaint, the plaintiff does not cite a specific duty owed to her by Sedgwick, nor does she explicitly allege any misrepresentation or other impermissible conduct that would give rise to a legal claim. Sedgwick's Motion to Dismiss will thus be granted.

As to Sears' Motion to Dismiss Subaru's Crossclaim, it contends that it cannot be held liable for any manufacturer's warranty provided to Crosslin by Subaru. While that may be true, Sears may be responsible under the principles of equitable indemnification for any damages caused by negligence by it for which Subaru is held liable. *See Pulte Home Corp. v. Parex, Inc.*, 579 S.E.2d 188, 193 (Va. 2003) (holding that equitable indemnification is viable under Virginia law). Of course, no determination of any such liability has yet been made, but section 8.01-281(A) of the Code of Virginia provides that

> [a] party asserting either a claim, counterclaim, cross-claim, or third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence. Such claim, counterclaim, cross-claim, or third-party claim may be for contribution, indemnity, subrogation, or contract, express or implied; *it may be based on future potential liability*, and it shall be no defense thereto that the party asserting such claim, counterclaim, cross-claim, or third-party claim has made no payment or otherwise discharged any claim as to him arising out of the transaction or occurrence.

Va. Code Ann. § 8.01-281(A) (emphasis added). Even though it is difficult to contemplate a legal or factual situation in which Subaru would be held liable for

-5-

damages caused by Sears' negligence, at this point I cannot grant Sears' Motion to Dismiss Subaru's Crossclaim.

III.

For the foregoing reasons, it is **ORDERED** as follows:

1.    Subaru's Demurrer, treated as a Motion to Dismiss, is DENIED;

2.    Sedgwick's Demurrer, treated as a Motion to Dismiss, is GRANTED and Sedgwick is DISMISSED as a party to this action; and

3.    Sears' Motion to Dismiss Subaru's Crossclaim (ECF No. 10) is DENIED.

ENTER:   July 23, 2014

/s/  James P. Jones
United States District Judge